66373. SMITH et al. v. THE STATE.

CARLEY, Judge.
Appellants were tried before a jury and convicted of theft by taking. Their motion for new trial was denied and they appeal from the judgments of conviction and sentences entered on the guilty verdicts.

The only enumerations of error address the sufficiency of the evidence. It was demonstrated at trial that the instant criminal case arose in the context of a long standing and acrimonious intra-family dispute centering around the estate of a deceased parent. The prosecution of appellants was instituted by warrants issued upon the affidavit of Mr. Donald Smith, who is the brother of one appellant and the brother-in-law of the other. The property of Donald Smith alleged to have been stolen consisted of some 200 construction blocks. Until their removal by appellants, the blocks had been stored on property which had once been owned by the deceased mother of both the prosecuting witness and appellant Smith. The blocks had originally been placed on the property of the deceased mother during her lifetime and had remained there for many years prior to the alleged theft in issue.

Appellants acknowledged at trial that they had removed the blocks from their original storage place to certain property belonging to appellant Allison, which was the location where they were subsequently found. However, appellant Smith, who was the executor of his mother's estate, defended his act of taking the blocks by asserting that they had been purchased by his mother. According to appellant Smith, his only intent in removing the blocks was to protect (from pilfering) property belonging to his mother's estate. Appellant Allison asserted that he was only assisting appellant Smith, the executor, in the performance of this "justifiable" act of protecting the property belonging to Mrs. Smith's estate. Other than appellant Smith's assertions, nothing was offered at trial to substantiate the claim that the blocks had been purchased by and belonged to the deceased mother. However, Donald Smith produced uncontroverted documentary evidence to prove that he had paid for the blocks and that the property was in fact his. In addition, there was evidence that, when confronted during the act of taking the blocks, appellant Smith made no claim that he was acting in his capacity as executor to protect his mother's estate. Instead, the testimony was that appellant Smith asserted to an eyewitness to the removal of the blocks that the building material was his and that he had the check to prove it. No such check was produced at trial.

Under this evidence, it was for the jury to determine whether the appellants' act of removing the blocks from their storage place to appellant Allison's property was accomplished with the criminal intent to deprive Donald Smith of his property or was instead a justifiable act. See generally *Jerome v. State,* 143 Ga. App. 649 (239 SE2d 541) (1977). The evidence would have authorized a finding that, under a knowingly false claim of personal ownership by appellant Smith, the blocks which belonged to Donald Smith were unlawfully removed. The evidence would have also authorized a finding that appellants were only acting with the justifiable, though mistaken, intent to remove estate property for purposes of safekeeping. The issue of fact concerning appellants' intent was resolved contrary to their contentions in that regard. After a careful review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 29, 1983.

*Arthur L. Walker,* for appellants.
*Robert W. Wommack, Jr., Solicitor,* for appellee.